IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL E. JACKSON, ) | |
|     Plaintiff, ) | No._____ |
| ) | |
|     v. ) | Judge: _____ |
| ) | |
| CITY OF CHICAGO AND CHICAGO POLICE ) | Magistrate Judge _____ |
| OFFICERS, MATTHEW SHEPARD (12781), ) | |
| and RENEE GARDNER (16385) in their individual ) | |
| Capacities. ) | |
|     Defendants. ) | **JURY DEMAND** |

## COMPLAINT

Plaintiff, **CARL E. JACKSON,** by and through his attorney, Danielle A. Pinkston, of the Pinkston Law Group, P.C., complains of Defendant, **CITY OF CHICAGO,** and **CHICAGO POLICE OFFICERS MATTHEW SHEPARD (12781) and RENEE GARDNER (16385)** in their individual capacities, alleges and states as follows:

### INTRODUCTION

1. This cause of action is to redress the deprivation of Plaintiff's Constitutional Rights and requests damages under 42 U.S.C.A. § 1983.

### JURISDICTION

2. This case arises under the U.S. Constitution and the laws of the United States. The case presents a federal question within this Court's jurisdiction under Article III of the Constitution and 28 U.S.C. § 1331; this Court also has jurisdiction under 28 U.S.C. § 1343(3) to redress the deprivation, under color of state law, of any right, privilege, or immunity secured by the U.S. Constitution. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over claims arising under Illinois state law.

3. The acts or omissions giving rise to the Plaintiff's claims arose in County of Cook, and

1

State of Illinois thus, pursuant to 28 U.S.C.A. § 1391(b)(2) venue is proper in the Northern District of Illinois, Eastern Division.

## PARTIES

4. On and before September 22, 2018, and at all relevant times to this Complaint, Plaintiff, CARL E. JACKSON, resided in the City of Chicago, County of Cook, and State of Illinois.

5. On and before September 22, 2018 and at all relevant times to this Complaint, Defendant, CITY OF CHICAGO is a local government in Illinois created and existing by virtue of the laws of Illinois. The Chicago Police Department is a Department of the City of Chicago. Defendant City of Chicago employs the personnel of its Police Department and is responsible for its lawful operations, administration, maintenance, training, supervising personnel employed, and otherwise controls the City of Chicago Police Department. Defendant City of Chicago has established policies and procedures for its Police Department and other relevant provisions. The acts and/or omissions alleged in this Complaint were under color of authority, color of state law, as well as under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the City of Chicago. Defendant, City of Chicago is liable for the actions of its employees.

6. On and before September 22, 2018 and at all relevant times to this Complaint, Defendant, Matthew Shepard was employed as a police officer of the Chicago Police Department, and was assigned Star Number 12781.

7. On and before September 22, 2018, and at all relevant times to this Complaint, Defendant, Matthew Shepard was an agent, employee, and/or servant of the City of Chicago and was acting within the course and scope of that employment and under color

of law.

8. On and before September 22, 2018, and at all relevant times to this Complaint, Defendant, Renee Gardner was an employed as a police officer of the Chicago Police Department and was assigned Star Number 16385.

9. On and before September 22, 2018, and at all relevant times to this Complaint, Renee Gardner was an agent, employee, and/or servant of the City of Chicago and was acting within the course and scope of that employment and under color of law.

**FACTS**

10. On September 22, 2018, Plaintiff parked his vehicle in front of a restaurant located near the 7900 block of Cottage Grove, in Chicago, Illinois.

11. Plaintiff had a conversation with someone he knew and then went inside the restaurant to order food.

12. Before and after exiting the restaurant, Plaintiff did not commit a crime nor was he about to commit a crime.

13. A few moments after Plaintiff exited the restaurant, Defendant Officers Matthew Shepard and Renee Gardner stopped, detained, and searched Plaintiff's person and vehicle, without a search warrant and without probable cause that Plaintiff committed or was about to commit a crime.

14. During the aforementioned unlawful search, the officers found a backpack in Plaintiff's vehicle that contained an unidentified substance that officers determined to be heroin and cannabis.

15. Neither the backpack nor the unidentified substances belonged to Plaintiff, but to the person he knew and he informed them of this.

16. Neither of the Defendant Officers identified above, or any other employee, and/or agent of Defendant, City of Chicago, observed Plaintiff in possession of the backpack or the substances therein at any relevant time to this Complaint.

17. On September 22, 2018, Defendant Officers Matthew Shepard and Renee Gardner restrained Plaintiff and placed him under arrest.

18. Plaintiff was transported in a police conveyance, under guard, to jail at the police station located at 7808 South Halsted Street, where he remained for one (1) day based off false assumptions and allegations.

19. While Plaintiff was being transported to jail, an unknown Chicago Police Officer carelessly and recklessly drove Plaintiff's vehicle through a Red Light, disobeying Illinois Traffic Codes on September 22, 2018 at 18:49, causing Plaintiff to receive a ticket and fine for $100.00 (Ticket #7008085117).

20. Plaintiff was forced to attend court to defend himself against this ticket which was eventually dismissed.

21. Defendant Officers Matthew Shepard and Renee Gardner falsely, malicious, willfully, wantonly and without a basis in fact or truth, attested and alleged that Plaintiff committed crimes.

22. Subsequent to his arrest, Plaintiff was charged with 720-570/401-C-1 (MFG/DEL 1<15 GR HEROIN and 720-550/5-B (CANNABIS- MFG/DEL-2.5-10 G) and he was released on an I-Bond and placed on House Arrest.

**COUNT I- 42 U.S.C. § 1983**
**False Arrest**
**(Plaintiff Against Defendant Officers and City of Chicago)**

23. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set

forth here.

24. The actions by Defendant, City of Chicago, by and through its employees, agents and/or servants including, but not limited to Defendant Officers Matthew Shepard and Renee Gardner in falsely detaining, arresting, and imprisoning Plaintiff without reasonable suspicion or probable cause violated Plaintiff's Fourth Amendment rights to be free from unreasonable search and seizure, pursuant to 42 U.S.C. § 1983.

25. The misconduct of Defendant Officers Matthew Shepard and Renee Gardner was objectively unreasonable and was undertaken intentionally, with malice, and with a knowing disregard for Plaintiff's clearly established constitutional rights.

26. Absent Defendants aforesaid misconduct including, but not limited to, the making of false statements, concealment of exculpatory evidence, and/or the fabrication of evidence, the prosecution of Plaintiff would not have been pursued and Plaintiff would not have been arrested.

27. The aforesaid misconduct of Defendant City of Chicago, by and through its employees, agents and/or servants including, but not limited to Defendant Officers Matthew Shepard and Renee Gardner directly and proximately resulted in the unjust and wrongful arrest and prosecution of Plaintiff and his wrongful imprisonment.

28. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, as set forth more fully above.

WHEREFORE, Plaintiff, CARL E. JACKSON, prays that judgment be entered against Defendants for:

A. Compensatory damages in an amount to be proven at trial;

B. Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 2412 and as otherwise authorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

## COUNT II- 42 U.S.C.A. § 1983
### Conspiracy to Deprive Plaintiff of His Constitutional Rights
### (Plaintiff Against Defendant Officers and City of Chicago)

29. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

30. On and before September 22, 2018, and at all relevant times to this Complaint, Defendant, City of Chicago, by and through its employees, agents and/or servants including, but not limited to Defendant Officers Matthew Shepard and Renee Gardner agreed among themselves to act in concert to accomplish an unlawful purpose by unlawful means in order to wrongfully restrain, arrest, detain, confine, prosecute, and jail Plaintiff and deprive him of his liberty.

31. In the aforesaid manner, Defendant, City of Chicago's employees, agents, and/or servants including, but not limited to Defendant Officers Matthew Shepard and Renee Gardner made concerted actions to accomplish an unlawful purpose by unlawful means.

32. In the furtherance of the conspiracy each of the co-conspirators engaged in and facilitated numerous avert acts, including, but not limited to, those set forth above such as making

false statements and or attestations, concealing exculpatory evidence, fabricating evidence, and arresting and detaining Plaintiff and was otherwise willful participants in the joint activity.

33. The misconduct described in this count was objectively unreasonable and was undertaken intentionally and wantonly, with malice, and willful indifference to Plaintiff's clearly established rights.

34. Absent Defendants aforesaid misconduct including, but not limited to, the making of false statements, concealment of exculpatory evidence, and/or the fabrication of evidence, the prosecution of Plaintiff would not have been pursued and Plaintiff would not have been prosecuted.

35. The aforesaid misconduct of Defendant City of Chicago, by and through its employees, agents and/or servants including, but not limited to Defendant Officers Matthew Shepard and Renee Gardner directly and proximately resulted in the unjust and wrongful prosecution of Plaintiff and his wrongful imprisonment.

36. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, as set forth more fully above.

WHEREFORE, Plaintiff, CARL E. JACKSON, prays that judgment be entered against Defendants for:

A. Compensatory damages in an amount to be proven at trial;
B. Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct;
C. Costs of suit;

D. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 2412 and as otherwise authorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

## COUNT III – 42 U.S.C. § 1983
### Failure to Intervene
### (Plaintiff Against Defendant Officers)

37. Each paragraph of this Complaint is incorporated as if restated fully herein.

38. During the events described above, the individual Defendant Officers stood by without intervening to prevent the violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments, even though they had the opportunity and duty to do so.

39. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

40. Absent Defendants aforesaid misconduct including, but not limited to, failing to intervene, stop, the making of false statements, concealment of exculpatory evidence, and/or the fabrication of evidence, the prosecution of Plaintiff would not have been pursued and Plaintiff would not have been prosecuted nor would his constitutional rights would have been violated.

41. The aforesaid misconduct of Defendant, City of Chicago, by and through its employees, agents and/or servants including, but not limited to Defendant Officers Matthew Shepard and Renee Gardner directly and proximately resulted in the unjust and wrongful prosecution of Plaintiff and his wrongful imprisonment.

42. As a direct and proximate result of the Defendants' failure to intervene, Plaintiff suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, as set forth more fully above.

### COUNT IV- 42 U.S.C. § 1983
### Malicious Prosecution
### (Plaintiff Against Defendant Officers)

43. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

44. On and before September 22, 2018, and at all relevant times to this Complaint, Defendant Officers Matthew Shepard and Renee Gardner commenced, initiated, participated in, and/or continued criminal proceedings against Plaintiff by intentionally making knowingly false statements and by failing to disclose exculpatory evidence to be presented against Plaintiff to the County State's Attorney's Office or otherwise played a substantial role in Plaintiff's criminal prosecution.

45. At all times relevant to this Complaint Defendant Officers Matthew Shepard and Renee Gardner provided deliberate false information to the Chicago Police Department and the Cook County State's Attorney Office in an effort to have Plaintiff falsely arrested and prosecuted.

46. At no relevant time to this Complaint did Defendant Officers Matthew Shepard and Renee Gardner have a reasonable belief or probable cause that Plaintiff was guilty of a crime.

47. On and before September 22, 2018, and at all relevant times to this Complaint, certain police officers who were employed and/or agents of Defendant City of Chicago, including, but not limited to Defendant Officers Matthew Shepard and Renee Gardner

falsely, maliciously, willfully, wantonly, and with no basis in fact or truth stated and/or attested in police reports that Plaintiff possessed heroin and cannabis, which was false.

48. On and before September 22, 2018, and at all relevant times to this Complaint, Defendant Officers Matthew Shepard and Renee Gardner falsely, maliciously, willfully, wantonly, and with no basis in fact or truth, stated and/or made certain false statements to employees and/or agents of the Cook County State's Attorney's Office, including, but not limited to, stating that Plaintiff possessed heroin and cannabis, which was false.

49. The malicious, willful, and wanton conduct of Defendant Officers Matthew Shepard and Renee Gardner, resulted in Plaintiff being arrested, charged with, and prosecuted for crimes involving possessing drugs in Case Number 18111923401.

50. Defendant, City of Chicago, by and through its employees, agents and/or servants including, but not limited to Matthew Shepard and Renee Gardner, instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

51. Absent Defendants' misconduct including, but not limited to false statements, the concealment of exculpatory evidence, and the fabrication of evidence, the prosecution of Plaintiff would not have been pursued, and Plaintiff would not have been arrested, jailed, prosecuted, and forced to hire an attorney to defend him against these charges.

52. On October 4, 2018, all charges against plaintiff were terminated in his favor when the prosecuting Cook County Assistant State's Attorney elected to nolle prosequi Plaintiff's charges in Case Number 18111923401.

53. Case Number 18111923401 was dismissed against Plaintiff because there was a lack of reasonable grounds to pursue the criminal prosecution.

54. The nolle prosequi was not result of an agreement or compromise with Plaintiff, misconduct on the part of Plaintiff for the purpose of preventing trial, mercy requested or accepted by Plaintiff, the institution of new criminal proceedings, or the impossibility or impracticability of bringing the accused to trial.

55. The aforesaid misconduct of Defendants Matthew Shepard and Renee Gardner, directly and proximately resulted in the unjust and wrongful prosecution of Plaintiff and his wrongful imprisonment.

56. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, as set forth more fully above.

WHEREFORE, Plaintiff, CARL E. JACKSON, prays that judgment be entered against Defendants for:

A. Compensatory damages in an amount to be proven at trial;

B. Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 2412 and as otherwise authorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

## COUNT V- State Law Claim
## Intentional Infliction of Emotional Distress
## (Plaintiff Against Defendant Officers)

57. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

58. The aforesaid practices and misconduct alleged above, including, but not limited to the malicious and willful and wanton and conspiratorial actions by Defendants Matthew Shepard and Renee Gardner, were committed with intentional disregard for Plaintiff's innocence, and right to liberty, and amount to extreme and outrageous conduct, against Plaintiff, exceeding all bounds of human decency.

59. Defendant intended to inflict emotional distress upon Plaintiff and or recklessly or consciously disregarded the probability of causing Plaintiff emotional distress and mental anguish.

60. Plaintiff suffered severe or extreme emotional distress.

61. Defendants Matthew Shepard and Renee Gardner, intended to inflict severe and emotional distress on Plaintiff and/or know that there was a high probability that the conduct would cause severe emotional distress.

62. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, as set forth more fully above.

WHEREFORE, Plaintiff, CARL E. JACKSON, prays that judgment be entered against Defendants for:

A. Compensatory damages in an amount to be proven at trial;

B. Leave to amend the complaint at the close of discovery to request punitive and exemplary

damages against each individual Defendant in an amount appropriate to punish them and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 2412 and as otherwise authorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

**COUNT VI- State Law Claim**
**Respondeat Superior**
**(Plaintiff Against City of Chicago)**

63. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

64. In committing the acts alleged in this Complaint, each of the individual Defendant Officer were members of, and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

65. Defendant City of Chicago is liable as principal for all torts in violation of state law committed by its agent.

**COUNT VII- State Law Claim**
**Indemnification**
**(Plaintiff Against City of Chicago)**

66. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

67. Pursuant to Section 10/9-109 of the Illinois Local Government and Government Employees Tort Immunity Act, public entities are required to pay any tort judgment for

compensatory damages against an employee acting within the scope of his or her employment. 745 ILCS 10/9-102.

68. At all times relevant to this Complaint, the City of Chicago Defendant Police Officers, Matthew Shepard and Renee Gardner in committing the misconduct described herein, were employees of Defendant, City of Chicago, acted under color of law and in the scope of their employment as an employee of the City of Chicago. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

## COUNT VIII
## Monell Policy Claim
### (Plaintiff Against City of Chicago)

69. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

70. The Individual Defendants false arrest, failure to intervene, and conspiracy to deprive Plaintiff of his Constitutional rights, were all undertaken under pursuant to the policy, practice, and custom of Defendant City of Chicago's Police Department.

71. In establishing its procedures, Defendant, City of Chicago has a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing or continuing in effect policies and procedures that create a substantial likelihood that persons, such as Plaintiff, would be subjected to by Defendant, City of Chicago's Police Officers' misconduct.

72. Likewise, Defendant, City of Chicago has a duty to refrain from enforcing or continuing in effect policies and procedures that cause persons, such as Plaintiff, to be treated with reckless indifference by its agents, servants and employees.

73. At all times material to this complaint the Defendant, City of Chicago and its Police Department, Superintendents, C.O.P.A., I.A.D., Personnel Division and/or Police Board had interrelated defacto policies, practices, and customs that were the moving force of the misconduct described in this Complaint.

74. Defendants' misconduct was undertaken pursuant to one or more interrelated defacto policies, practices and/or customs of the City of Chicago, its Police Department, Police Board, C.O.P.A., I.A.D., Personnel Division, and/or Superintendents are guilty of one or more of the following wrongfully acts or omissions:

    a. failing to properly hire, train, supervise Police Officers;

    b. failing to properly train and supervise Chicago Police Officers with regard to discharging their weapons at civilians;

    c. refusing to supervise, reprimand, discipline, transfer, monitor, counsel and/or otherwise control Police Officers who engage in misconduct contrary to the laws, rules and regulations, thus condoning it; thereby leading City Of Chicago Police Officers to believe their actions will never be scrutinized and in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, City Of Chicago Police Officers accused of violating citizens' constitutional rights can be confident that C.O.P.A. will not adequately investigate those accusations and will refuse to recommend discipline even where the Officer has engaged in violating citizens' constitutional rights;

    d. failing to retrain and/or otherwise control Police Officers who engage in violating citizens' constitutional rights;

    e. failing to establish appropriate policies and procedures to address and correct the

repeated violations of citizens' constitutional rights by Police Officers in traffic stops;

f. inadequately and/or failing to independently and adequately investigate complaints or allegations of violations of citizens' constitutional rights and of other types of misconduct by fellow Police Officers against civilians to protect fellow officers from disciplinary, criminal and civil actions in violation of civilian rights and privileges;

g. covering up the criminal and/or wrongful activities of fellow Police Officers, by falsely reporting, falsely or improperly investigating, committing perjury and being dishonest in violation of the rights and privileges of civilians including Plaintiff;

h. tacitly approving of law enforcement officers using their power and position to interfere with other citizens' rights, including the right to be free of interference with their right of association with their right to be free in their bodily integrity, and security in their persons;

i. allowing the continuance of violations of citizens' constitutional rights and effect of policies and procedures which resulted in violations of citizens' constitutional rights against civilians, including Plaintiff;

j. as a matter of both policy and practice, the City of Chicago Police Department facilitates the very type of misconduct at issue here by failing to protect civilians from reckless indifference of defendant city's agents, servants, and employees in its Police Department;

k.  allowing the policy, practice, and custom of a "police code of silence" resulting in police officers refusing to report instances of police misconduct of which they are aware, including the unjustified discharge of an officer's weapon, despite their obligation under police regulations to do so, and also includes police officers either remaining silent or giving false and misleading information during official investigations in order to protect themselves or fellow officers from internal discipline, civil liability, or criminal charges, in cases where they and their fellow officers have violated citizens' constitutional rights;

75. The defacto policies including the "police code of silence" are interrelated and exacerbate the effects of each other and said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference, and encouraged the subject Defendant officers to conduct the aforesaid acts against Plaintiff and therefore acted as the moving force and were, separately and together, direct and proximate causes of the injuries to Plaintiff.

76. The defacto policies including the "police code of silence" were carried out with a conscious disregard for the rights and safety of Plaintiff, thereby justifying the award of exemplary and punitive damages against each of the individual defendants in an amount to be determined according to proof at trial.

77. As a result of the unconstitutional violation of citizens' constitutional rights, Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including severe and excruciating pain, past and future anxiety, medical expenses pain and suffering shock, extreme emotional distress, and humiliation, lost employment opportunities

inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and his overall health, strength, and vitality have been greatly impaired.

WHEREFORE, Plaintiff, CARL E. JACKSON, prays that judgment be entered against Defendant, City of Chicago for:

A. Compensatory damages in an amount to be proven at trial;

B. Costs of suit;

C. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 2412 and as otherwise authorized by statute or law;

D. Pre- and post-judgment interest as permitted by law; and

E. Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

Dated: September 22, 2020

Respectfully submitted,

/s/ Danielle A. Pinkston
_____
Danielle A. Pinkston

Atty. No.: 6302271
Pinkston Law Group, P.C.
55 East Monroe St. Ste. #3800
Chicago, IL. 60603
Office: (773) 770-4771
Fax: (773) 770-4772
dpinkston@pinkstonlawgroup.com
Atty. for: CARL E. JACKSON