UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL E. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20 C 5630 |
| | ) | |
| CITY OF CHICAGO AND CHICAGO | ) | Judge Charles P. Kocoras |
| POLICE OFFICERS, MATTHEW SHEPARD | ) | |
| (12781), and RENEE GARDNER (16385) in | ) | |
| their individual capacities. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' City of Chicago, Matthew Shepard, and Renee Gardener ("Officer Defendants") (collectively, "Defendants") Motion to Dismiss Plaintiff Carl E. Jackson's Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendants' Motion.

## STATEMENT

For this motion, the Court accepts as true the following facts from Jackson's Complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). All reasonable inferences are drawn in Jackson's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

In September 2018, Jackson parked at a restaurant and went in to order food. Compl., ECF No. 1 at ¶ 11. As Jackson exited the restaurant, the Officer Defendants

1

stopped, detained, and searched Jackson's person and vehicle without probable cause. *Id.* at ¶ 13. The Officer Defendants found heroin and cannabis, which did not belong to Jackson. *Id.* at ¶¶ 14-15. Jackson told the Officer Defendants that the drugs did not belong to him. *Id.* The Officer Defendants arrested Jackson, *id.* at ¶ 17, and he was charged with possession and placed on house arrest, *id.* at ¶ 22. Jackson alleges that all charges were terminated in his favor on October 4, 2018 when the Cook County State's Attorney elected to dismiss the case. *Id.* at ¶ 52.

Based on these facts, Jackson filed an eight-count complaint against the City and the Officer Defendants: Count I against the Officer Defendants and the City alleging False Arrest; Count II against the Officer Defendants and the City alleging Conspiracy; Count III against the Officer Defendants alleging Failure to Intervene; Count IV against the Officer Defendants alleging Malicious Prosecution; Count V against the Officer Defendants alleging Intentional Infliction of Emotional Distress (IIED); Count VI against the City alleging a *respondeat superior* claim; Count VII against the City for Indemnification; and Count VIII against the City alleging a claim under *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978).

Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank,*

2

*FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**1. The Court Dismisses Counts V (IIED) and VI (*Respondeat Superior*) With Prejudice Because Both Counts Are Time-Barred.**

Defendants first argue that Counts V (IIED) and VI (*respondeat superior*) are time-barred and should be dismissed with prejudice. We agree.

Although motions to dismiss for failure to state a claim do not usually address affirmative defenses, "the statute of limitations may be raised in a motion to dismiss if the allegations of the complaint itself set forth everything necessary to satisfy the

3

affirmative defense." *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). "Illinois local governmental entities and their employees . . . benefit from a one-year statute of limitations for 'civil actions' against them." *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). And "when an IIED claim is based on the same misconduct that procured the plaintiff's conviction, the statute of limitations does not begin to run until the wrongful conviction has been overturned." *Baker v. City of Chicago,* 483 F. Supp. 3d 543, 560 (N.D. Ill. 2020) (collecting cases).

Here, Jackson's case was dropped by the Cook County State's Attorney on October 4, 2018. *See* Compl. ECF No. 1 at ¶ 52. Applying the one-year limitations periodf, Jackson's IIED claim would have expired on October 4, 2019. Thus, Count V is time-barred because he commenced this action on September 22, 2020. Because Plaintiff's underlying state-law claims are time-barred, it follows that a *respondeat superior* claim stemming from an untimely filed claim is also time-barred.[1] Count VI is therefore also dismissed.

**2. The Court Dismisses The Federal Malicious Prosecution Claim (Count IV) Because Jackson Has An Adequate State Law Remedy In Illinois.**

Defendants next argue that Jackson's federal malicious prosecution claim is barred because an adequate state-law remedy exists. We agree.

---

[1] To the extent Plaintiff relies on an official capacity claim, that is duplicative of the *Monell* claim discussed below. Additionally, "*[r]espondeat superior* or vicarious liability will not attach under §1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

4

The reason is simple: "Seventh Circuit precedent does not permit an action for malicious prosecution under § 1983 if a state remedy exists." *Parish. v. City of Chi.*, 594 F.3d 551, 552 (7th Cir. 2009) (citing *Newsom v. McCabe*, 256 F.3d 747 (7th Cir. 2001). And "Illinois law provides a state remedy for malicious prosecution." *Id.*; *accord Ray v. City of Chi.,* 629 F.3d 660, 664 (7th Cir. 2011). While the Supreme Court partially abrogated *Newsome* in *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911 (2017), *Newsome's* conclusions about the viability of federal malicious prosecution claims remain good law in the Seventh Circuit. *Baker,* 483 F. Supp. 3d at 555-56.

Jackson argues in response that we need to adhere to federal notice pleading requirements. Of course, the Court appreciates those requirements. But Jackson's claim is still not legally cognizable. Jackson's argument about the Illinois Tort Immunity Act does not support Jackson's broad argument and Jackson's only authority is about Indiana, not Illinois, law. That difference matters because "Illinois law already provides a remedy for malicious prosecution." *Nelson v. Vill. of Lisle, Ill.*, 437 F. App'x 490, 495 (7th Cir. 2011). Jackson also argues that his malicious prosecution claim is grounded in the Fourth Amendment. But the Supreme Court and the Seventh Circuit have "now made clear" that there "is no such thing as a Fourth Amendment malicious prosecution claim." *Lattimore v. Klein*, 2019 WL 1028121, at *4 (N.D. Ill. 2019) (cleaned up).

For these reasons, Jackson's federal malicious prosecution claim is dismissed. While the Court would normally be inclined to allow Jackson an opportunity to amend his Complaint to add a state law malicious prosecution claim, that amendment would

be futile here because the state claim would be past the applicable limitations period for the same reasons the Court has already discussed above.

### 3. Count VIII (*Monell* Liability)

Defendants next argue that Jackson's *Monell* claim is barred because he only relies on one incident as a basis for the Court to infer that there is a broad-based institutional custom that was the moving force behind the alleged constitutional violation at issue here. We agree that Jackson here has failed to state a *Monell* claim.

Judge Seeger's approach in *Hamilton v. Oswego Community Unit School District 308*, 2021 WL 767619 (N.D. Ill. 2021) guides our approach here. There, Judge Seeger applied a "few guiding principles," which this Court also adopts. First, generally, a "plaintiff needs to come forward with more than a handful of incidents." *Id.* at *10 (citing *Wilson v. Cook Cty.*, 742 F.3d 775, 780 (7th Cir. 2014)). Thus, a "practice is not widespread if it took place two, three, or four other times." *Id.* Additionally, any other incidents must be "similar to the situation at hand." *Id.* "The other incidents do not need to be identical, but they do need to be sufficiently similar to support an inference of a broader pattern. The greater the dissimilarity, the greater the skepticism that there is a single actionable municipal practice or custom." *Id.* Other courts in this District are also in accord with the principles outlined by Judge Seeger. *See, e.g., Amor v. John Reid & Assocs.*, 2021 WL 825609, at *5 (N.D. Ill. 2021); *Hutton v. City of Chi.*, 2021 WL 809731, at *3 (N.D. Ill. 2021) (collecting cases).

Jackson's Complaint violates these principles. As in *Hamilton*, Jackson supports his allegation of a widespread practice by pointing to one and only one instance of misconduct. *See Hamilton*, 2021 WL 767619, at *10. In short, as applied here, one instance is "not enough to state a claim that a defendant maintains a widespread practice." *Id.* at *11. Jackson responds that dismissing this case would be tantamount to imposing a heightened pleading requirement for *Monell* claims in contravention of *White v. City of Chicago*, 829 F.3d 837 (7th Cir. 2016). But Jackson omits that since *White*, courts in this District "have generally concluded that to properly state a *Monell* claim based on a custom or policy—absent context creating an inference of a widespread policy or custom, as in *White*—a plaintiff must allege more than his own single occurrence." *Hutton,* 2021 WL 809731, at *4.

At bottom, as in *Hutton* and *Hamilton*, Jackson has not pled enough facts to nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. So the Court dismisses Count VIII.[2]

That being said, the dismissal is without prejudice. Specifically, Jackson is authorized to "take discovery 'from the ground up,' which means he may still try to establish the existence of a policy or custom through discovery from the individual officers about what they personally know." *Jackson v. Vill. of Just.*, 2020 WL 1530734, at *5 (N.D. Ill. 2020). "In contrast, Jackson is not permitted at this point to engage in

---

[2] Because Jackson does not sufficiently plead a *Monell* claim, the City cannot be held liable under Section 1983 in Counts I and II. *See Monell,* 436 U.S. at 691-93. Of course, Jackson is free to pursue these claims against the individual Officer Defendants.

broad-based *Monell* discovery against the [City] itself." *Id.* "In other words, today's holding just means that Jackson has not alleged enough to support an inference of an actual policy or custom spanning the entire [Chicago] Police Department. When it comes to individual officers or groups of officers, though, Jackson is still free to argue that a cover-up existed in his particular case and that the officers were motivated to do so because they worked together." *Id.*

**4. Plaintiff's Prayer For Injunctive And Declaratory Relief Is Also Dismissed Because Jackson Lacks Standing To Seek That Relief.**

Defendants also contend that Jackson's prayer for injunctive and declaratory relief cannot stand because Plaintiff lacks Article III standing to seek this relief for past injuries. This is a non-controversial legal point, *see City of L.A. v. Lyons*, 461 U.S. 95, 105, (1983); *Simic v. City of Chi.*, 851 F.3d 734, 737-38 (7th Cir. 2017), that Plaintiff does not address in its Response. Thus, Jackson's claims for prospective equitable relief are both waived and dismissed in substance.

**5. The Court Denies Plaintiff Leave to Amend—Except For Count VIII—Because Any Amendment Would Be Futile.**

Finally, Jackson seeks leave to amend. The Court need not grant leave to amend where leave would be futile. *See Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). For the reasons discussed above, none of Jackson's claims at issue in this Motion, except possibly Count VIII, could be cured by amendment. Count VIII is therefore dismissed without prejudice in line with the Court's sanctioning of "bottom-up" discovery.

## **CONCLUSION**

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss. The Counts at issue in this Motion are dismissed with prejudice, except Count VIII (the *Monell* claim), which is dismissed without prejudice. Telephonic status is set for 4/22/2021 at 9:50 a.m. It is so ordered.

Dated: 3/18/2021

_____
Charles P. Kocoras
United States District Judge