IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL E. JACKSON, ) | |
|    Plaintiff, ) | No. 2020-cv-5630 |
| ) | |
|    v. ) | Judge: Charles P. Kocoras |
| ) | |
| CITY OF CHICAGO AND CHICAGO POLICE ) | |
| OFFICERS, GABRIEL RODRIGUEZ (12737), ) | |
| and RENEE GARDNER (16385) in their ) | |
| individual capacities. ) | |
|    Defendants. ) | Jury Demand |

## SECOND AMENDED COMPLAINT

Plaintiff, **CARL E. JACKSON,** by and through his attorney, Danielle A. Pinkston, of the Pinkston Law Group, P.C., and complaining of the defendants, **CITY OF CHICAGO,** and **CHICAGO POLICE OFFICERS GABRIEL RODRIGUEZ (12737) and RENEE GARDNER (16385)** in their individual capacities, alleging and stating as follows:

### INTRODUCTION

1. This cause of action is to redress the deprivation of Plaintiff's Constitutional Rights and requests damages under 42 U.S.C.A. § 1983.

### JURISDICTION

2. This case arises under the U.S. Constitution and the laws of the United States. The case presents a federal question within this Court's jurisdiction under Article III of the Constitution and 28 U.S.C. § 1331; this Court also has jurisdiction under 28 U.S.C. § 1343(3) to redress the deprivation, under color of state law, of any right, privilege, or immunity secured by the U.S. Constitution. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over claims arising under Illinois state law.

3. The acts or omissions giving rise to the Plaintiff's claims arose in County of Cook, and State of Illinois thus, pursuant to 28 U.S.C.A. § 1391(b)(2) venue is proper in theNorthern District of Illinois, Eastern Division.

## PARTIES

4. On and before September 22, 2018, and at all relevant times to this Complaint, Plaintiff, CARL E. JACKSON, resided in the City of Chicago, County of Cook, and State of Illinois.

5. On and before September 22, 2018 and at all relevant times to this Complaint, Defendant, CITY OF CHICAGO is a local government in Illinois created and existing by virtue of the laws of Illinois. The Chicago Police Department is a Department of the City of Chicago. Defendant City of Chicago employs the personnel of its Police Department and is responsible for its lawful operations, administration, maintenance, training, supervising personnel employed, and otherwise controls the City of Chicago Police Department. Defendant City of Chicago has established policies and procedures for its Police Department and other relevant provisions. The acts and/or omissions alleged in this Complaint were under color of authority, color of state law, as well as under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the City of Chicago. Defendant, City of Chicago is liable for the actions of its employees.

6. On and before September 22, 2018 and at all relevant times to this Complaint, Defendant, Gabriel Rodriguez was employed as a police officer of the Chicago Police Department and was assigned Star Number 12737.

7. On and before September 22, 2018, and at all relevant times to this Complaint,

Defendant, Gabriel Rodriguez was an agent, employee, and/or servant of the City of Chicago and was acting within the course and scope of that employment and under color of law.

8. On and before September 22, 2018, and at all relevant times to this Complaint, Defendant, Renee Gardner was an employed as a police officer of the Chicago Police Department and was assigned Star Number 16385.

9. On and before September 22, 2018, and at all relevant times to this Complaint, Renee Gardner was an agent, employee, and/or servant of the City of Chicago and was acting within the course and scope of that employment and under color of law.

## FACTS

10. On September 22, 2018, Plaintiff parked his vehicle in front of a restaurant located near the 7900 block of Cottage Grove, in Chicago, Illinois.

11. Plaintiff had a conversation with someone he knew and then went inside the restaurant to order food.

12. Before and after exiting the restaurant, Plaintiff did not commit a crime nor was he about to commit a crime.

13. A few moments after Plaintiff exited the restaurant, Defendant Officers Gabriel Rodriguez and Renee Gardner stopped, detained, and searched Plaintiff's person and vehicle, without a search warrant and without probable cause that Plaintiff committed or was about to commit a crime.

14. During the aforementioned unlawful search, the officers found a backpack in Plaintiff's vehicle that contained an unidentified substance that officers determined to be heroin and cannabis.

15. Neither the backpack nor the unidentified substances belonged to Plaintiff, but to the person he knew, and he informed them of this.

16. Neither of the Defendant Officers identified above, or any other employee, and/or agent of Defendant, City of Chicago, observed Plaintiff in possession of the backpack or the substances therein at any relevant time to this Complaint.

17. On September 22, 2018, Defendant Officers Gabriel Rodriguez and Renee Gardner restrained Plaintiff and placed him under arrest.

18. Plaintiff was transported in a police conveyance, under guard, to jail at the police station located at 7808 South Halsted Street, where he remained for one (1) day based off false assumptions and allegations.

19. While Plaintiff was being transported to jail, an unknown Chicago Police Officer carelessly and recklessly drove Plaintiff's vehicle through a Red Light, disobeying Illinois Traffic Codes on September 22, 2018 at 18:49, causing Plaintiff to receive a ticket and fine for $100.00 (Ticket #7008085117).

20. Plaintiff was forced to attend court to defend himself against this ticket which was eventually dismissed.

21. Defendant Officers Gabriel Rodriguez and Renee Gardner falsely, malicious, willfully, wantonly and without a basis in fact or truth, attested and alleged that Plaintiff committed crimes.

22. Subsequent to his arrest, Plaintiff was charged with 720-570/401-C-1 (MFG/DEL 1<15 GR HEROIN and 720-550/5-B (CANNABIS- MFG/DEL-2.5-10 G) and he was released on an I-Bond and placed on House Arrest.

## COUNT I- 42 U.S.C. § 1983
### False Arrest
### (Plaintiff Against Defendant Officers and City of Chicago)

23. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

24. The actions by Defendant, City of Chicago, by and through its employees, agents and/or servants including, but not limited to Defendant Officers Gabriel Rodriguez and Renee Gardner in falsely detaining, arresting, and imprisoning Plaintiff without reasonable suspicion or probable cause violated Plaintiff's Fourth Amendment rights to be free from unreasonable search and seizure, pursuant to 42 U.S.C. § 1983.

25. The misconduct of Defendant Officers Gabriel Rodriguez and Renee Gardner was objectively unreasonable and was undertaken intentionally, with malice, and with a knowing disregard for Plaintiff's clearly established constitutional rights.

26. Absent Defendants aforesaid misconduct including, but not limited to, the making of false statements, concealment of exculpatory evidence, and/or the fabrication of evidence, the prosecution of Plaintiff would not have been pursued and Plaintiff would not have been arrested.

27. The aforesaid misconduct of Defendant City of Chicago, by and through its employees, agents and/or servants including, but not limited to Defendant Officers Gabriel Rodriguez and Renee Gardner directly and proximately resulted in the unjust and wrongful arrest and prosecution of Plaintiff and his wrongful imprisonment.

28. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, as set forth more fully above.

WHEREFORE, Plaintiff, CARL E. JACKSON, prays that judgment be entered against Defendants for:

A. Compensatory damages in an amount to be proven at trial;

B. Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 2412 and as otherwise authorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief as the court may deem proper.

### COUNT II- 42 U.S.C.A. § 1983
### Conspiracy to Deprive Plaintiff of His Constitutional Rights
### (Plaintiff Against Defendant Officers and City of Chicago)

29. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

30. On and before September 22, 2018, and at all relevant times to this Complaint, Defendant, City of Chicago, by and through its employees, agents and/or servants including, but not limited to Defendant Officers Gabriel Rodriguez and Renee Gardner agreed among themselves to act in concert to accomplish an unlawful purpose by unlawful means in order to wrongfully restrain, arrest, detain, confine, prosecute, and jail Plaintiff and deprive him of his liberty.

31. In the aforesaid manner, Defendant, City of Chicago's employees, agents, and/or servants including, but not limited to Defendant Officers Gabriel Rodriguez and Renee Gardner made concerted actions to accomplish an unlawful purpose by unlawful means.

32. In the furtherance of the conspiracy each of the co-conspirators engaged in and facilitated numerous avert acts, including, but not limited to, those set forth above such as making false statements and or attestations, concealing exculpatory evidence, fabricating evidence, and arresting and detaining Plaintiff and was otherwise willful participants in the joint activity.

33. The misconduct described in this count was objectively unreasonable and was undertaken intentionally and wantonly, with malice, and willful indifference to Plaintiff's clearly established rights.

34. Absent Defendants aforesaid misconduct including, but not limited to, the making of false statements, concealment of exculpatory evidence, and/or the fabrication of evidence, the prosecution of Plaintiff would not have been pursued and Plaintiff would not have been prosecuted.

35. The aforesaid misconduct of Defendant City of Chicago, by and through its employees, agents and/or servants including, but not limited to Defendant Officers Gabriel Rodriguez and Renee Gardner directly and proximately resulted in the unjust and wrongful prosecution of Plaintiff and his wrongful imprisonment.

36. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, as set forth more fully above.

WHEREFORE, Plaintiff, CARL E. JACKSON, prays that judgment be entered against Defendants for:

A. Compensatory damages in an amount to be proven at trial;

B. Punitive and exemplary damages against each individual in an amount appropriate to

punish each individual Defendant and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 2412 and as otherwiseauthorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief as the court may deemproper.

## COUNT III – 42 U.S.C. § 1983
### Failure to Intervene (Plaintiff Against Defendant Officers)

37. Each paragraph of this Complaint is incorporated as if restated fully herein.

38. During the events described above, the individual Defendant Officers stood by without intervening to prevent the violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments, even though they had the opportunity and duty to do so.

39. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

40. Absent Defendants aforesaid misconduct including, but not limited to, failing to intervene, stop, the making of false statements, concealment of exculpatory evidence, and/or the fabrication of evidence, the prosecution of Plaintiff would not have been pursued and Plaintiff would not have been prosecuted nor would his constitutional rights been violated.

41. The aforesaid misconduct of Defendant, City of Chicago, by and through its employees, agents and/or servants including, but not limited to Defendant Officers Gabriel Rodriguez and Renee Gardner directly and proximately resulted in the unjust and wrongful

prosecution of Plaintiff and his wrongful imprisonment.

42. As a direct and proximate result of the Defendants' failure to intervene, Plaintiff suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, as set forth more fully above.

## COUNT IV-- State Law Claim
## Indemnification (Plaintiff Against City of Chicago)

43. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

44. Pursuant to Section 10/9-109 of the Illinois Local Government and Government Employees Tort Immunity Act, public entities are required to pay any tort judgment for compensatory damages against an employee acting within the scope of his or her employment. 745 ILCS 10/9-102.

45. At all times relevant to this Complaint, the City of Chicago Defendant Police Officers, Gabriel Rodriguez and Renee Gardner in committing the misconduct described herein, were employees of Defendant, City of Chicago, acted under color of law and in the scopeof their employment as an employee of the City of Chicago. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

WHEREFORE, Plaintiff, CARL E. JACKSON, demands that should either Defendant Officer be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, CITY OF CHICAGO, be found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

Dated: May 20, 2021                                             Respectfully submitted,

/s/ Danielle A. Pinkston
_____

Danielle A. Pinkston

Atty. No.: 6302271
Pinkston Law Group, P.C.
54 North Ottawa Street, Suite #110
Joliet, IL. 60432
Office: (773) 770-4771
Fax: (773) 770-4772
dpinkston@pinkstonlawgroup.com
Atty. for: CARL E. JACKSON

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on July 16, 2020, I electronically served and filed the foregoing documents with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants or record.

/s/ Danielle A. Pinkston
_____

Danielle A. Pinkston