UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL E. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20 C 5630 |
| | ) | |
| CITY OF CHICAGO AND CHICAGO | ) | Judge Charles P. Kocoras |
| POLICE OFFICERS, GABRIEL | ) | |
| RODRIGUEZ (12737), and RENEE | ) | |
| GARDNER (16385) in their individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant City of Chicago's ("City") Motion to Dismiss Counts I and II of Plaintiff Carl E. Jackson's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the Court grants the City's Motion.

## STATEMENT

For this motion, the Court accepts as true the following facts from Jackson's Second Amended Complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th

---

[1] The City filed an answer and affirmative defenses to Plaintiff's Complaint (Dkt. # 41) in which it answered Counts I and II. However, this does not change the Court's analysis, as the same standard is applied to motions brought under Rule 12(b)(6) and Rule 12(c). *See Buchanan-Moore v. Cnty. Of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

Cir. 2013). All reasonable inferences are drawn in Jackson's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

In September 2018, Jackson parked at a restaurant and went in to order food. Dkt. # 33, ¶ 10. As Jackson exited the restaurant, the Officer Defendants stopped, detained, and searched Jackson's person and vehicle without probable cause. *Id.* ¶ 13. The Officer Defendants found heroin and cannabis, which did not belong to Jackson. *Id.* ¶¶ 14–15. Jackson told the Officer Defendants that the drugs did not belong to him. *Id.* The Officer Defendants arrested Jackson, *id.* at ¶ 17, and he was charged with possession and placed on house arrest, *id.* ¶ 22.

Based on these facts, Jackson filed his four-count Second Amended Complaint against the City and the Officer Defendants: Count I against the Officer Defendants and the City alleging False Arrest; Count II against the Officer Defendants and the City alleging Conspiracy; Count III against the Officer Defendants alleging Failure to Intervene; and Count IV against the City for Indemnification.

The City now moves to dismiss Counts I and II under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a

2

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

The City moves to dismiss Counts I and II because Jackson has not made any allegations that a City policy or custom contributed to any alleged violation of his constitutional rights. The Court agrees.

Under *Monell*, a municipality cannot be held liable under Section 1983 for its employees' actions based on a theory of *respondeat superior*; instead a plaintiff must show the municipality somehow caused the alleged harm. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978). The municipality may be

liable under § 1983 if the unconstitutional act is directly caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). "In other words, to maintain a [Section] 1983 claim against a municipality, one must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002).

The Court already dismissed—without prejudice—the *Monell* claim in Jackson's original complaint, but authorized Jackson to "take discovery from the ground up, which means he may still try to establish the existence of a policy or custom through discovery from the individual officers about what they personally know." *Jackson v. City of Chi.*, 2021 WL 1056988, at *3 (N.D. Ill. 2021) (Kocoras, J.) (cleaned up). Jackson failed to allege enough to support an inference of an actual policy or custom spanning the entire Chicago Police Department. *Id*. Jackson's Second Amended Complaint does nothing to cure this defect.

Nowhere in the Second Amended Complaint does Jackson reference a specific City custom or policy that caused his alleged constitutional injuries. Jackson appears to concede as much in his Response, but argues he "believes" he will be able to meet his burden and "it is possible that the Defendant City can be held liable for Counts I and

II." Dkt. # 45, at 3. This is not enough. Accordingly, the Court grants the City's Motion to Dismiss as to Counts I and II of the Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Court grants the City's Motion to Dismiss (Dkt. # 40). Counts I and II of the Second Amended Complaint are dismissed as to Defendant City of Chicago. Status is set for at 9/28/2021 a.m. at 10:30 a.m. It is so ordered.

Dated: 8/20/2021

Charles P. Kocoras
United States District Judge