**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARL JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 20-cv-5630 |
| | ) | |
| vs. | ) | Judge Lindsay C. Jenkins |
| | ) | |
| CITY OF CHICAGO, et al. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL
FACTS PURSUANT TO LOCAL RULE 56.1(b)(3)(c)**

NOW COMES Defendants, City of Chicago, Gabriel Rodriguez, and Renee Gardner
(collectively "Defendants"), by and through one of their attorneys, Nicholas J. Perrone, Assistant
Corporation Counsel, for their response to Plaintiff's Statement of Additional Facts in
Opposition to Defendants' Motion for Summary Judgment, states as follows:

**GENERAL OBJECTIONS**

Local Rule 56.1(b)(3)(C) provides that a party opposing a motion for summary judgment
should file a statement consisting of "any additional facts that require denial of summary
judgment, including references to affidavits, parts of the record and other supporting materials
relied upon." See N.D. Ill. L.R. 56.1. "The Seventh Circuit has repeatedly held that a district
court is entitled to expect strict compliance with Local Rule 56.1." See *Barth v. Village of
Mokena*, 2006 WL 862673, at *1 (N.D. Ill. 2006).

In this case, Plaintiff's Statement of Additional Facts contains many facts that that are
immaterial and do not preclude this Court from granting Defendants' motion for summary
judgment. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001) ("irrelevant or
unnecessary facts do not preclude summary judgment even when they are in dispute."); *Malec v.*

1

*Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000) (noting that "material facts includes 'facts pertinent to the outcome of the issues identified in the summary judgment motion.'"). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact as to the issues presented in the motion." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–248 (1986) (emphasis added). Moreover, Plaintiff's Statement of Additional Facts contains facts that mischaracterize the evidence upon which they purport to rely and therefore, should be stricken. See *Brown v. Advocate South Suburban Hosp*., 2011 WL 6753995, at *4 (N.D. Ill. 2011) (striking portions of the plaintiffs' additional statement of facts that mischaracterize the evidence on which they purport to rely); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006) (Rule 56.1 statements that contain "irrelevant information, legal arguments, and conjecture" may be stricken.)

Further, Defendants object to each statement of additional facts below in Plaintiff's Statement of Additional Facts in that they do not comply with Local Rule 56.1, as many of these statements contain multiple "facts," that are nonmaterial facts, and are unsupported by the record. It is inappropriate to confuse the issues by alleging multiple facts in a single paragraph in hopes of one's opponent missing one. *CIVIX-DDI, LLC v. Celloco Partnership*, 387 F. Supp. 2d 869, 880 (N.D. Ill. 2005), citing *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000) ("the numbered paragraphs should be short; they should contain only one or two individual allegations, thereby allowing easy response."). As Plaintiff's Statement of Additional Facts is noncompliant with Local Rule 56.1, this Court should strike PSOAF in its entirety.

## PLAINTIFF'S ADDITIONAL FACTS

1.      Jackson went to high school at Wendell Phillips in '81, did not graduate, got his GED at Kennedy-King College, (Ex E, Jackson's Rule 33 Answers ¶2, Ex. P, Carl Jackson Dep. Trans. 26:6-22) is certified in the construction field (Ex. P, 26:22-27) works for Affordable A1, (Ex. P,

28:8-13) when needed (Ex. P, 30:2-16) as a laborer, mostly carrying and handing them tools when they need them. (Ex. P, 31:3-12).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). For purposes of their Summary Judgment motion only, and without waiving the aforementioned objections, Defendants admit the facts set forth in this paragraph, which if deemed admitted, are not material facts that would preclude an award of summary judgment in Defendants' favor.

2.      On September 22, 2018, Jackson believed he had a right to sit in his vehicle, go to Philly's (sic) to get some food to eat, drive his vehicle, be free from unreasonable stops by the police, and to be free from searches by the police. (Ex. P, 164:12-165:10, Ex. B ¶11).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). For purposes of their Summary Judgment motion only, and without waiving the objections, Defendants admit the facts set forth in this paragraph, which if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

3.      When he was arrested by police officers, he lost his liberty by being transported to jail in a police car, and he could not go home that night. (Ex. P, 189:7-16, Ex. K).

**RESPONSE:** Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the

purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). For purposes of their Summary Judgment motion only, and without waiving the objections, Defendants admit the facts set forth in this paragraph, which if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

4.      Even after he was released from jail, Jackson was still on house arrest, or electronic monitoring (Ex. P, 189:16-24, Ex. B) if he wanted to leave his house, he had to call the Cook County Sheriff's office to get verification (Ex. P, 190:1-13) and someone monitored his every move (Ex. P, 190:13-20) from the time he went to court. (Ex. P, 190:20-191:4).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). For purposes of their Summary Judgment motion only, and without waiving the objections, Defendants admit the facts set forth in this paragraph, which if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

5.      Jackson was taken off house arrest because his case was dismissed after one court appearance (Ex. P, 112:14-20, Ex. P, 113:24, Ex. O, Disposition) Jamal Butler was present to testify, make a statement, and submit an affidavit. (Ex. P, 114:10-20).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583

4

(N.D. Ill. 2000). Defendants admit the facts set forth in this paragraph, which if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

6. Jackson went to lockup at 78th and Halsted, they took his belt, shoestrings, and any money, or a phone that he had (Ex. P, 105:12-11) he was in lockup for 24 hours (Ex. P, 107:1-6) and after spending time in the lockup, Jackson was taken to 26th and California to another holding cell the following day with a transfer between Chicago Police and Sheriff's Department. (Ex. P, 108:4-23, Ex. K Prisoner Transport Sheet).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). For purposes of their Summary Judgment motion only, and without waiving the objections, Defendants admit the facts set forth in this paragraph, which if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

7. Jackson was embarrassed humiliated and when the police officers searched his vehicle on September 22, 11, 2018 and accused him of something he did not do. (Ex. P, 182:9-19).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). For purposes of their Summary Judgment motion only, and without waiving the objections, Defendants admit Plaintiff testified as set forth in this paragraph, which if deemed admitted, is not a material fact that would preclude an award of summary judgment in

Defendants' favor. However, by claiming that officers "accused him of something he didn't do" is implying that Defendants lacked probable cause to arrest him which Defendants deny. DSOF ¶¶ 5-17.

8.     Jackson waited another six to eight hours to see the judge (Ex. P, 109:6-11) bond was set, and he was released on house arrest, with no movement for approximately two weeks unless he called in. (Ex. P, 110:1-22).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). For purposes of their Summary Judgment motion only, and without waiving the objections, Defendants admit the facts set forth in this paragraph, which if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

9.     Jackson had to hire and pay a lawyer to represent him in his criminal case and in this civil case. (Ex. P, 193:1-11).

**RESPONSE:** Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). For purposes of their Summary Judgment motion only, and without waiving the objections, Defendants admit the facts set forth in this paragraph, which if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

10.    Jackson's emotional injuries started after the incident and are still occurring every day when he walks outside and sees police officers (Ex. P, 126:2-18). He suffered and continues to

suffer from sleepiness nights, worriedness about whether he will arrested for something else, he gets shortness of breath and nauseous sometimes if the police pull up behind him and he always worries that he could be the next person to be killed (Ex. P, 125:16-126:1) or beaten up again, believes he could be tasered again, or maybe shot. (Ex. P, 182:21-23, 193:17-24). He constantly feels like somebody is watching him all the time. (Ex. P, 181:1¬5).

**RESPONSE:** Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). For purposes of their Summary Judgment motion only, and without waiving the objections, Defendants admits Plaintiff testified as set forth in this paragraph, which if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

11. Jackson fears being another black man who will get killed unjustifiably by officers. (Ex. P, 180:1-9). This fear started in March of 2015 when he was beaten, kicked, tasered, punched and he still experiences it today, like three times out of the day if he is outside and sees police officers. (Ex. P, 180:14-24).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). For purposes of their Summary Judgment motion only, and without waiving the objections, Defendants admit Plaintiff testified as set forth in this paragraph, which if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

12. Jackson purchased a new vehicle after about six months after September 22, 2018 incident (Ex. P, 192:7-9) and paid about $3,500 (Ex. P, 192:10-12) but had his vehicle not been impounded, he would not have had to pay this amount for a new one. (Ex. P, 192:12-19).

**RESPONSE:** Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). For purposes of their Summary Judgment motion only, and without waiving the objections, Defendants admit the facts set forth in this paragraph, which if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

13. Jackson believes the officers conspired against him or made an agreement to retaliate against him to violate his Constitutional rights. (Ex. P, 187:23-188:19, Ex. G, Video of Gardner and Rodriguez).

**RESPONSE**: Defendants admit that Plaintiff testified as such but deny that the facts set forth in this paragraph are supported by the video evidence and it should therefore be stricken.

Defendants further object as Plaintiff has completely mischaracterized the evidence and therefore this paragraph should be stricken. See *Brown v. Advocate South Suburban Hosp*., 2011 WL 6753995, at *4 (N.D. Ill. 2011); see also *Cady v. Sheahan*, F. 3d 1057, 1060 (7th Cir. 2006). Plaintiff's belief is not supported by evidence to sustain his conspiracy claim. The incontrovertible video evidence disproves this self-serving fact set forth by Plaintiff. DSOF ¶¶ 5-17.

14. Gardner admitted that she her partners got together while they were working and had conversation about the entire incident pertaining to Jackson (Ex. Q, Renee Gardner Dep. Trans, 36:17-24) to discuss what and how much was found, so they could make sure that the report was correct. (Ex. Q, 37:1-3). Gardner cannot recall how many conversations they had (Ex. Q, 37:3-4) who was present (Ex. Q, 37:8-10) nor does not know how many different times they had discussions regarding Jackson and this incident. (Ex. Q, 39:15¬19).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this paragraph should be stricken as Plaintiff has mischaracterized the testimony and misrepresented the record for this Court. See *Brown v. Advocate South Suburban Hosp.*, 2011 WL 6753995, at *4 (N.D. Ill. 2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006). Gardner testified:

Q.      Did you and your partners get together and have any kind of conversation about the entire incident pertaining to Carl Jackson?

A.      Did we discuss it? What --.

Q.      Uh-huh?

A.      We talked, we talk about while we're working on it, we're talking about what's going on and what was found and how much was found and so we can make sure the report is correct

Exh. Q at 36:18-24; 37:1-2. For purposes of their Summary Judgment motion only, and without waiving the aforementioned objections, Defendants admit the facts set forth in this paragraph, which if deemed admitted, are not material facts that would preclude an award of summary judgment in Defendants' favor.

15. Gardner did not include in her case report that she searched the rear of the vehicle and did not find anything (Ex. Q, 58:20-24) stating, "I didn't feel that it was necessary" (Ex. Q, 59:1) all despite attending the police academy and being taught the importance of drafting police reports. (Ex. Q, 59:1-6).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Defendants admit the facts set forth in this paragraph, which if deemed admitted, are not material facts that would preclude an award of summary judgment in Defendants' favor.

16. Gardner stated police reports are important because, "It's a document what happens, it documents the events of a, of, of everything that we do" (Ex. Q, 59:8-11). She agreed that police reports should be truthful, accurate, and comprehensive. (Ex. Q, 59:24-60:1).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). Defendants admit the facts set forth in this paragraph, which if deemed admitted, are not material facts that would preclude an award of summary judgment in Defendants' favor.

17. Gardner was reminded that in this case, she chose not to include that information, and responded, "We included all the, all the important parts of the, the facts of the case. "We, include, I included in the case report." (Ex. Q, 60:4-11) but she failed to include that she searched the back seat and did not find anything. (Ex. Q, 60:11-18).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). Defendants admit the facts set forth in this paragraph, which if deemed admitted, are not material facts that would preclude an award of summary judgment in Defendants' favor. Defendants note that the search of the truck is immaterial to the case because the search was conducted after the cannabis and drug paraphernalia were found in the backpack and after Plaintiff was arrested. See Defendants' Exhibit F and G, *generally*.

18.     According to Rodriguez, the steps that must be follow before he makes someone get out the car and start searching are, "I exit the vehicle, state your presence. If you are wearing a body camera, announce that you're wearing a body camera that is recording video and audio. At that point, you ask them -- you let them know that this is a loitering hotspot, if that is in fact where

you are. And then from then on, you proceed with your investigation." (Ex. R, Gabriel Dep. Trans. 18:2-11).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Defendants admit the facts set forth in this paragraph, which if deemed admitted, are not material facts that would preclude an award of summary judgment in Defendants' favor.

19.    Rodriguez found I.D.'s and a couple of cards on Jackson when he patted him down (Ex. R, 32:8-12) and when asked if things should have been over with and he stated, "No" because the actual nature of what he did like I said, in the beginning when he bent down at the waist towards the floorboard of the vehicle, I still have to investigate what he actually did. I can actually search in that area, his immediate area of where he was seated in order to make sure there was no contraband or no firearms." (Ex. R, 32:12-33:6).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Defendants admit the facts set forth in this paragraph, which if deemed admitted, are not material facts that would preclude an award of summary judgment in Defendants' favor.

20.    Rodriguez was asked who gave him the authority to search the immediate area where he was sitting (Ex. R, 34:1-12) and replied, "Based on the nature of the call. (Ex. R, 35:17-19).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Defendants admit the facts set forth in this paragraph, which if deemed admitted, are not material facts that would preclude an award of summary judgment in Defendants' favor.

21.    Rodriguez did not have a search warrant because as he said, "There was -- there was various steps that actually are in the process of actually getting a search warrant that take place before you can actually get a search warrant." (Ex. R, 35:20-36:3, Ex. B, Amended Complaint ¶13). He did not take any steps to obtain a search warrant (Ex. R, 36:5-8) because, "We don't

have search warrants based on narcotic selling calls" (Ex. R 36:9-10) and when asked why he stated, "Honestly, I wouldn't even know how to answer that question for you." (Ex. R 36:10-16). Rodriguez could not recall the general order or what C.P.D. policy stated that he did not have to have a search warrant before he search a person's vehicle (Ex. R 36:18-37:2) but believed there might be one. (Ex. R, 37:22). Rodriguez felt that he had the authority to search Mr. Jackson's vehicle without having a search warrant (Ex. R, 38:1-4) though he did not see him committing any crime when you approached. (Ex. R, 38:4-21).

**RESPONSE**:  Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Defendants further object in that it is immaterial whether or not this information is included in a Chicago police department directive in that courts look to federal law, not state or municipal regulations, to determine the existence and scope of personal liberties protected by the "reasonableness" standard under the Fourth Amendment. See *Gordon v. Degelmann*, 29 F.3d 295, 301 (7th Cir. 1994); *Archie v. City of Racine*, 847 F.2d 1211, 1215-18 (7th Cir. 1988) (en banc); see also *Graham v. Connor*, 490 U.S. 386 (1989). Defendants admit the facts set forth in this paragraph, which if deemed admitted, are not material facts that would preclude an award of summary judgment in Defendants' favor.

22.     Based on Rodriguez's training and experiences and being an officer the basic steps of a traffic stop are (Ex. R, 51:1-7-12) "I stopped the vehicle either based on a call or we stop the vehicle based on an actual municipal violation or I.V.C. violation. After that, you approach the vehicle, you state your name and your district of work, and at that point you conduct your traffic stop by asking -- letting them know what they did and/or the nature of why you stopped them and ask for all the proper things that you need to be able to drive, such as driver's license, insurance, and registration if need be." (Ex. R, 51:18-52:3).

**RESPONSE**:  Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583

(N.D. Ill. 2000). Defendants admit that Rodriguez testified as set forth in this paragraph, which if deemed admitted, are not material facts that would preclude an award of summary judgment in Defendants' favor. Further, Defendants object that this line of questioning constituted an improper hypothetical.

23.     Rodriguez did not follow his usual and customary steps when he stopped Jackson (Ex. R, 52:4-6) because "It wasn't a traffic stop" (Ex. R, 52:7-10) "It was a selling narcotics call." (Ex. R, 52:11-14). Rodriguez believes the steps one is supposed to take when you have a selling narcotics call are, "Exactly what I did. I approached the actual vehicle in question at the above listed address and proceeded on with the investigation." Specifically, I mean, again, like I did, it would be based on -- based on general orders and things like that, which I'm obviously not fully aware of all of them. But based on the actual stop, there is a -- a baseline of how to approach a stop based on a situation and based on the call." (Ex. R, 52:15-53:20).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this paragraph should be stricken as Plaintiff has mischaracterized the testimony and misrepresented the record for this Court by improperly paraphrasing the deposition transcript. See *Brown v. Advocate South Suburban Hosp.*, 2011 WL 6753995, at *4 (N.D. Ill. 2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006).

Rodriguez testified as follows:

Q: And, when you stopped Mr. Jackson, you did not follow your usual and customary steps, did you?
A: It wasn't a traffic stop.
Q: Okay. So this was a narcotics investigation, is that correct?
A: It was a selling narcotics call
Q: Okay so what are the steps you're supposed to take when you have a selling narcotics call?
A: Exactly what I did. I approached the vehicle in questions at the above listed address and proceeded on with the investigation.
Q: Okay. Now, I need the full – I need the law. How have you been trained to conduct narcotics investigations?
A: Specifically, I mean, again, like I did, it would be based on – based on general orders and things like that, which I'm obviously not fully aware of all of them. But based on the actual stop, there is a – baseline of how to approach a stop based on a situations and based on the call.

Exh. R, 52:5-24; 53 1-20.

13

24.     When Rodriguez approached Jackson's vehicle, prior to stopping him, ordering him out
the car, and arresting him, he and his partners checked Jackson's license and/or and discovered
that he was the owner of the vehicle (Ex. R, 78:17-23) and there were no warrants to his
recollection. (Ex. R, 78:24-79:3).

**RESPONSE**:  Defendants object to this paragraph as it does not set forth an "additional" fact

requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the

purposes of LR56.1(b)(3)(C). Further, this paragraph should be stricken as Plaintiff has

mischaracterized the testimony and misrepresented the record for this Court as Plaintiff is

improperly paraphrasing the testimony. See *Brown v. Advocate South  Suburban Hosp*., 2011

WL 6753995, at *4 (N.D. Ill. 2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir.

2006). Rodriguez testified:

Q: And when you approached Mr. Jackson's vehicle prior to you stopping him, ordering him out
the car, and arresting him, did you check his lcesnse or did you run his licesnse plate number?
A: We did.
Q: And what did it – what information came back?
A: That he was the owner of the vehicle.
Q: Did you find any warrants?
A: Pardon? The audio.
Q: Did you find any warrants?
A: That I can't recall.

Exh. R, 78:16-24; 79: 1-3.

25.     Rodriguez's report said Jackson was a documented Gangster Disciple (Ex. R, 79:4-7)
though when he approached Jackson, he did make any observations to verify. (Ex. R, 79:12-

**RESPONSE**:  Defendants object to this paragraph as it does not set forth an "additional" fact

requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the

purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this

case and the issues before this Court for summary judgment, therefor it should be stricken. See

Outlaw v. Newkirk, 259 F. 3d 833, 837 (7th Cir. 2001); Malec v. Sanford, 191 F.R.D. 581, 583

(N.D. Ill. 2000). Further, this paragraph should be stricken as Plaintiff has mischaracterized the

testimony and misrepresented the record for this Court as Plaintiff is improperly paraphrasing the

testimony. See *Brown v. Advocate South Suburban Hosp*., 2011 WL 6753995, at *4 (N.D. Ill.

2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006). Rodriguez testified:

Q.     What made you believe that Mr. Jackson is a documented Gangster Disciple?
A.     Because it was more than likely documented in our gang database
Q.     Okay. When you approached Mr. Jackson, did you have any – or did you make any
observations that he might have been a Gangster Disciple?
A.     No.

Exh. R at 79:8-15.

26.     Prior to stopping Jackson, Rodriguez did not conduct any kind of surveillance this day
nor any other (Ex. R, 97:14-22) because as he stated, "I don't understand why I would." (Ex. R,
100:11-14). "Not in my particular unit, no." (Ex. R, 101:13-15). When asked again, if it would
have been helpful for him to see if Jackson was actually selling drugs, like the anonymous caller
said Rodriguez replied, "The observance was already observed by an anonymous person, so,
there was somewhat of surveillance or an investigation seen or something was actually seen. So
we wouldn't conduct a surveillance on an individual for a call." (Ex. R, 101:16-23).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact

requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the

purposes of LR56.1(b)(3)(C). Further, this paragraph should be stricken as Plaintiff has

mischaracterized the testimony and misrepresented the record for this Court as Plaintiff is

improperly paraphrasing the testimony. See *Brown v. Advocate South Suburban Hosp*., 2011 WL

6753995, at *4 (N.D. Ill. 2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006).

Rodriguez testified:

Q: Can you tell me why you chose not to conduct surveillance on Mr. Jackson prior to stopping
and detaining him on September 33nd, 2018?
A: I don't understand why I would.
…..

Q: You don't conduct surveillance prior to arresting or stopping someone?
A: Not in my particular unit.
Q: You don't think it would've been helpful for you to see if Mr. Jackson was actually selling
drugs like the anonymous caller said?

A: The observance was already observed by an anonymous person, so there was somewhat of surveillance or an investigation seen or something was actually seen. So we wouldn't conduct a surveillance on an individual for a call because the calls have to be answered in a timely manner.
Q: So you're saying – I'm sorry. So you're saying the investigation or surveillance by an anonymous caller was enough or sufficient for you?
A: I would say misspoke with the word investigation, but the actual observance of someone, an anonymous person seeing an active, actual crime, of what they suspected was a crime would be the beginning of my investigation because the call would come out and then we would investigate that call based on what that person saw.

Exh. R, 100: 10-14; 101: 13-24; 102: 1-10.

27.     Despite not knowing who this anonymous person was, Rodriguez was asked if it was important for him to conduct some kind of surveillance prior to stopping, detaining, and arresting Jackson, to see if the allegations were truthful or had some kind of veracity (Ex. R, 102:12-22) and Rodriguez stated, "Again, that's not how we work." (Ex. R, 103:3). "When a call comes out for -- whatever various call comes out, you answer to that call. I mean, like I said, there are units that actually do investigations on such things as narcotics selling and things like that, but again, that's something I couldn't speak on." (Ex. R, 103:6¬21).

**RESPONSE**:  Defendants object to this paragraph as it does not set forth an "additional" fact

requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the

purposes of LR56.1(b)(3)(C). Further, this paragraph should be stricken as Plaintiff has

mischaracterized the testimony and misrepresented the record for this Court as Plaintiff is

improperly paraphrasing the testimony. See *Brown v. Advocate South Suburban Hosp*., 2011 WL

6753995, at *4 (N.D. Ill. 2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006).

28.     Rodriguez was asked if when an anonymous caller accuses someone of committing a crime, if his job was to go and arrest the accused and he stated, "I wouldn't say that it specifically says that we have to go and arrest that person. They say we have to investigate in order to be able to effect an arrest or not." (Ex. R, 103:12-23).

**RESPONSE**:  Defendants object to this paragraph as it does not set forth an "additional" fact

requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the

purposes of LR56.1(b)(3)(C). Defendants admit that Rodriguez testified as set forth in this

paragraph, which if deemed admitted, are not material facts that would preclude an award of

summary judgment in Defendants' favor.

29.     Rodriguez admitted in the past he had conducted surveillance prior to stopping and arresting someone who was accused of a crime. (Ex. R, 104:3). When asked what made September 22, 2018, different (Ex. R, 104:4-7) he replied, "I hadn't done surveillance prior to that date. That wasn't a need in my specific -- in that district, it wasn't no need." (Ex. R, 104:3-9).

**RESPONSE**:  Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this paragraph should be stricken as Plaintiff has mischaracterized the testimony and misrepresented the record for this Court as Plaintiff is improperly paraphrasing the testimony. See *Brown v. Advocate South Suburban Hosp*., 2011 WL 6753995, at *4 (N.D. Ill. 2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006).

Rodriguez testified:

Q: Okay. Have you ever done surveillance prior to stopping and arresting someone who was accused of a crime?
A: I have.
Q: Well tell me what made September 22nd, 2018 different?
A: I hadn't done surveillance prior to that date.

Exh. R, 104: 2-10.

30.     The area and entire district where Rodriguez found Mr. Jackson, is a predominantly black or African American area. (Ex. R, 105:8-11).

**RESPONSE**:  Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). Defendants admit that Rodriguez testified as set forth in this paragraph, which if deemed admitted, are not material facts that would preclude an award of summary judgment in Defendants' favor.

31.     When asked if he documented who was there, what he did, what he found, and who he gave it to, when he searched Jackson's vehicle, Rodriguez responded, "No, the only person that was there with me was my partner, Gardner." (Ex. R, 109:17-110:12).

**RESPONSE**:  Defendants object to this paragraph as it does not set forth an "additional" fact

requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the

purposes of LR56.1(b)(3)(C). Further, this paragraph should be stricken as Plaintiff has

mischaracterized the testimony and misrepresented the record for this Court as Plaintiff is

improperly paraphrasing the testimony. See *Brown v. Advocate South Suburban Hosp*., 2011 WL

6753995, at *4 (N.D. Ill. 2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006).

Rodriguez testified:

Q: Okay. Did you document everything you did when you arrived at the police station after Mr. Jackson was arrested?
A: What exactly specifically are you speaking about?
Q: Well, you know, when you searched the vehicle, did you document who was there, did you document what you did, did you document what you found, who you gave it to, things like that?
A: No, the only person that was there with me was my partner, Gardner.
Q: I understand, but you're not answering my question. I didn't ask you who was with you.
A: That's the thing. I'm not really understanding your question because question seems so broad. I'm just trying – can you specify what exactly you're asking.

Exh. R, 109:15-24; 110: 1-7.

32.     Rodriguez testified Jackson's seizure was an investigatory stop (Ex. R, 118:9) after having first testified that it was a narcotics arrest or a narcotics investigation then replied, "You were correct the first time. It was a narcotics arrest, but it's an investigatory stop." (Ex. R, 118:10-14)

**RESPONSE**:  Defendants object to this paragraph as it does not set forth an "additional" fact

requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the

purposes of LR56.1(b)(3)(C). Further, this paragraph should be stricken as Plaintiff has

mischaracterized the testimony and misrepresented the record for this Court as Plaintiff is

improperly paraphrasing the testimony. See *Brown v. Advocate South Suburban Hosp*., 2011 WL

6753995, at *4 (N.D. Ill. 2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006).

Rodriguez's testimony was relating to a report called an "Investigatory Stop Report" which is not attached to Plaintiff's response as an exhibit and constitutes hearsay. Therefore, this purported additional fact should not be considered. See *Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985); *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 925 (7th Cir.2001). Defendants deny this fact and move that it should be stricken.

33. Rodriguez was shown an exhibit that said says, "gang/narcotic related enforcement" and he was asked why he checked the box for no (Ex. R, 119:12-15) and stated, "Based on that special order, this actual box is based on disbursal from a gang hotspot or a narcotic hotspot, and you would give a disbursal time and disbursal number. So that wasn't this, this was an actual call." (Ex. R, 120:19) "You'd have to refer back to that special order to, to know the specifics of what the gang narcotic-related enforcement was." (Ex. R, 121:1-4).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Defendants further object in that it is immaterial whether or not this information is included in a Chicago police department directive in that courts look to federal law, not state or municipal regulations, to determine the existence and scope of personal liberties protected by the "reasonableness" standard under the Fourth Amendment. See *Gordon v. Degelmann*, 29 F.3d 295, 301 (7th Cir. 1994); *Archie v. City of Racine*, 847 F.2d 1211, 1215-18 (7th Cir. 1988) (en banc); see also *Graham v. Connor*, 490 U.S. 386 (1989). Further, this paragraph should be stricken as Plaintiff has mischaracterized the testimony and misrepresented the record for this Court as Plaintiff is improperly paraphrasing the testimony. See *Brown v. Advocate South Suburban Hosp.*, 2011 WL 6753995, at *4 (N.D. Ill. 2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006). Rodriguez's testimony was relating to a report called an "Investigatory Stop Report" which is not attached to Plaintiff's response as an exhibit and constitutes hearsay. Therefore, this purported additional fact should not be considered. See *Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985); *Logan v. Caterpillar,*

*Inc.*, 246 F.3d 912, 925 (7th Cir.2001). Defendants deny this fact and move that it should be stricken.

34.     Rodriguez did not check off the box that says, "reasonable articulable suspension," stating, "You can only check one of the two. You can't check both boxes. (Ex. R, 129:8-12) "It's in the computer system. I don't understand why you can't check both. You either have one or the other, I mean." (Ex. R, 129:16-18)

**RESPONSE**:  Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this paragraph should be stricken as Plaintiff has mischaracterized the testimony and misrepresented the record for this Court as Plaintiff is improperly paraphrasing the testimony. See *Brown v. Advocate South Suburban Hosp.*, 2011 WL 6753995, at *4 (N.D. Ill. 2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006). Rodriguez's testimony was relating to a report called an "Investigatory Stop Report" which is not attached to Plaintiff's response as an exhibit and constitutes hearsay. Therefore, this purported additional fact should not be considered. See *Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985); *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 925 (7th Cir.2001). Defendants deny this fact and move that it should be stricken.

35.     Rodriguez didn't check any of the boxes that asked what were the reasonable articulable suspicion factors that led to the protective pat-down. (Ex. R, 135:12-15).

**RESPONSE**:  Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this paragraph should be stricken as Plaintiff has mischaracterized the testimony and misrepresented the record for this Court as Plaintiff is improperly paraphrasing the testimony. See *Brown v. Advocate South Suburban Hosp.*, 2011 WL 6753995, at *4 (N.D. Ill. 2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006). Rodriguez's testimony was relating to a report called an "Investigatory Stop Report" which is not

attached to Plaintiff's response as an exhibit and constitutes hearsay. Therefore, this purported

additional fact should not be considered. See *Martz v. Union Labor Life Ins. Co*., 757 F.2d 135,

138 (7th Cir. 1985); *Logan v. Caterpillar, Inc*., 246 F.3d 912, 925 (7th Cir.2001). Defendants

deny this fact and move that it should be stricken.

36.     On this same Exhibit it stated, "Gang/narcotic-related enforcement" and Rodriguez did
not check that box, either (Ex. R, 133:10-15) because in his words, "It is based on the actual
special order for a gang or narcotic ordering." (Ex. R, 133:9-1).

**RESPONSE**:  Defendants object to this paragraph as it does not set forth an "additional" fact

requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the

purposes of LR56.1(b)(3)(C). Defendants further object in that it is immaterial whether or not

this information is included in a Chicago police department directive in that courts look to

federal law, not state or municipal regulations, to determine the existence and scope of personal

liberties protected by the "reasonableness" standard under the Fourth Amendment. See *Gordon

v. Degelmann*, 29 F.3d 295, 301 (7th Cir. 1994); *Archie v. City of Racine*, 847 F.2d 1211, 1215-

18 (7th Cir. 1988) (en banc); see also *Graham v. Connor*, 490 U.S. 386 (1989). Further, this

paragraph should be stricken as Plaintiff has mischaracterized the testimony and misrepresented

the record for this Court as Plaintiff is improperly paraphrasing the testimony. See *Brown v.

Advocate South Suburban Hosp*., 2011 WL 6753995, at *4 (N.D. Ill. 2011); see also *Cady v.

Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006). Rodriguez's testimony was relating to a report

called an "Investigatory Stop Report" which is not attached to Plaintiff's response as an exhibit

and constitutes hearsay. Therefore, this purported additional fact should not be considered. See

*Martz v. Union Labor Life Ins. Co*., 757 F.2d 135, 138 (7th Cir. 1985); *Logan v. Caterpillar,

Inc*., 246 F.3d 912, 925 (7th Cir.2001). Defendants deny this fact and move that it should be

stricken.

37. Under the section titled, "Was a protective pat-down conducted" Rodriguez checked, no, and stated, "It was an error." (Ex. R, 134:13-1). Where it stated, "Was the search beyond conducted by consent" Rodriguez checked, yes (Ex. R, 136:6-12) but when questioned whether this was true, he stated, "That would be also in error as well." (Ex. R, 136:13).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this paragraph should be stricken as Plaintiff has mischaracterized the testimony and misrepresented the record for this Court as Plaintiff is improperly paraphrasing the testimony. See *Brown v. Advocate South Suburban Hosp.*, 2011 WL 6753995, at *4 (N.D. Ill. 2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006). Rodriguez's testimony was relating to a report called an "Investigatory Stop Report" which is not attached to Plaintiff's response as an exhibit and constitutes hearsay. Therefore, this purported additional fact should not be considered. See *Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985); *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 925 (7th Cir.2001). Defendants deny this fact and move that it should be stricken.

38. Rodriguez was asked again if he should be accurate and detailed in his reports and he replied, "Based on the report, yes." (Ex. R, 152:9-12). He was reminded that he was not accurate or detailed and he responded, "In this report, I didn't feel there needed to be detail." (Ex. R, 152:13-18).

**RESPONSE**: Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). Additionally, this paragraph should be stricken as Plaintiff has mischaracterized the testimony and misrepresented the record for this Court as Plaintiff is improperly paraphrasing the testimony. See *Brown v. Advocate South Suburban Hosp.*, 2011 WL 6753995, at *4 (N.D. Ill.

22

2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006). Rodriguez's testimony

was relating to a report called an "Investigatory Stop Report" which is not attached to Plaintiff's

response as an exhibit and constitutes hearsay. Therefore, this purported additional fact should

not be considered. See *Martz v. Union Labor Life Ins. Co*., 757 F.2d 135, 138 (7th Cir. 1985);

*Logan v. Caterpillar, Inc*., 246 F.3d 912, 925 (7th Cir.2001). Defendants deny this fact and move

that it should be stricken.

39.      When asked if he made any notes about who he spoke with Rodriguez stated, "Again, I
don't think --Again, I don't take notes" "I don't feel the need or the necessity to take any notes.
(Ex. R, 160:8-15).

**RESPONSE**:  Defendants object to this paragraph as it does not set forth an "additional" fact

requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the

purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this

case and the issues before this Court for summary judgment, therefor it should be stricken. See

*Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583

(N.D. Ill. 2000). Further, this paragraph should be stricken as Plaintiff has mischaracterized the

testimony and misrepresented the record for this Court as Plaintiff is improperly paraphrasing the

testimony. See *Brown v. Advocate South Suburban Hosp*., 2011 WL 6753995, at *4 (N.D. Ill.

2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006). Rodriguez testified:

Q: Did you make any notes about who you spoke with?
A: Again, I don't think –
Q: I'm sorry, after he was arrested?
A: Again, I don't take notes
Q: Why don't you take notes?
A: I don't feel the need or the necessity to take any notes.
Q: But you can't remember certain things as you sit here today, correct?
A: Because it happened in 2018.
Q: Exactly. And if you took notes, you could look at those notes to refresh your recollection,
correct?
A: That's why I use arrest reports and case reports.

Exh. R, 160: 8-23

40. Rodriguez agreed that in the arrest report that he drafted, he left out certain details and facts were not included (Ex. R, 162 7-15) stating, "I include what's -- what's needed and necessary in the report. (Ex. R, 169:2-3) "I chose to indicate all things that I needed to be detailed within this report. (Ex. R, 169:16).

**RESPONSE**:  Defendants object to this paragraph as it does not set forth an "additional" fact requiring denial of Defendants' summary judgment motion and is therefore inconsistent with the purposes of LR56.1(b)(3)(C). Further, this fact is irrelevant and immaterial to the claims in this case and the issues before this Court for summary judgment, therefor it should be stricken. See *Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). Further, this paragraph should be stricken as Plaintiff has mischaracterized the testimony and misrepresented the record for this Court as Plaintiff is improperly paraphrasing over 7 pages of Rodriguez's testimony. See *Brown v. Advocate South Suburban Hosp*., 2011 WL 6753995, at *4 (N.D. Ill. 2011); see also *Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006). Specifically, Plaintiff omits the following testimony:

Q: So once again, you chose what you were going to include or not include in this report that's Exhibit 3, correct?

A: In that phrasing, it sounds as if I'm omitting things purposely, which is not the case.

Q: No, no. No, no, no, no.

A: The way you're phrasing is sounding – the way you're saying it and the way you're stating it, is, it seems that you are phrasing it in that way that I'm omitting things purposely, in order to keep them off the report for a malicious reason, which is not the case.

Q: Okay. So we're not here to go over your thought process. My question is, you chose what to include or not include in this report, correct?

A: What I'm saying is that the way you're phrasing your question, it semms that if I were to say

correct, that I'm indicating that I'm omitting something purposely in order to not provide

information that is vital for the case.

Exh. R, 167: 13-24; 168: 1-11.


Dated:  March 7, 2023

Respectfully Submitted,

By:     */s/ Nicholas J. Perrone*
Nicholas J. Perrone
Assistant Corporation Counsel
Attorney No. 6322755

Jessica L. Griff, Chief Assistant Corporation Counsel
Nicholas Perrone, Assistant Corporation Counsel
City of Chicago, Dept. of Law
2 North LaSalle Street, Suite 420
Chicago, IL 60602
(312) 744- 1975 (Attorney Perrone)
(312) 744-6566 (fax)
***Attorneys for Defendants***


## CERTIFICATE OF SERVICE

    I hereby certify that I filed the above memorandum in support of summary judgment with

the Northern District of Illinois ECF System on this 7th day of March 2023, thereby serving a

copy on all counsel of record.

*/s/ Nicholas J. Perrone*
Nicholas J. Perrone
Assistant Corporation Counsel
